# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DUSTIN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-045 |
| ) | |
| DEPUTY JASON FONDREN, ) | |
| and CORPORAL HYNKO, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously recommended that *pro se* plaintiff Dustin Carter's 42 U.S.C. § 1983 case be dismissed because he failed to timely comply with the Court's directions concerning his application to proceed *in forma pauperis*. *See* doc. 18. Shortly after the Court entered that Report and Recommendation, the Clerk of Court docketed Carter's response. *See* doc. 19. Although Carter's response was not timely filed,[1]

---

[1] The Court previously granted Carter an extension of the deadline to return the forms required for him to pursue his case *in forma pauperis*. *See, e.g.,* doc. 17. The last extension provided him until May 2, 2022 to comply. *See id.* Carter's response to the Court's Order, discussed below, was signed on May 6, 2022. *See* doc. 19 at 1. Pursuant to the "prison mailbox rule" it is deemed filed as of that date. *See Williams v. McNeil,* 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a prisoner's] motion was delivered

it does merit consideration. Accordingly, the Court's prior Report and Recommendation is **VACATED**. Doc. 18.

Carter's response to the Court's prior Order is, charitably, terse. He informs the Court that prison authorities have not responded to his submission of the forms regarding his prisoner trust account. *See* doc. 19 at 1. He suggests that "[t]he Court needs to request this information from the facility," and protests that he "do[es] not have the ability to get the information." *Id.* Notwithstanding the impropriety of court action to facilitate Carter's suit, *see, e.g., Giddens v. Brooks Cnty., Ga.*, 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) ("Despite the leniency toward *pro se* litigants . . . courts may not step into the role of *de facto* counsel . . . ." (citation omitted)), Carter's response does not fully address the deficiencies in his filings. Carter has failed to return *both* the Consent to Collection of Fees Form *and* the Prisoner Trust Fund Account Statement Form. *See* doc. 17 at 1. The Consent form does not require any "information," only Carter's signature. *See, e.g.,* doc. 6-1 at 2. Carter's

---

to prison authorities on the day he signed it . . . ."). Carter's response, therefore, is four days late. Because, as discussed below, Carter's Complaint should be dismissed for other reasons, the Court need not consider whether his failure to timely comply with its prior Order warrants any sanction.

2

failure to comply with any portion of the Court's directions, alone, might warrant dismissal of his case. *See, e.g.,* Fed. R. Civ. P. 41(b). For the reasons discussed below, however, it should be dismissed regardless of his noncompliance.[2]

The Court is required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). It must "dismiss the complaint, or any portion of the complaint" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C § 1915A(b)(1). Since it is clear that Carter's Complaint fails to state a claim upon which relief may be granted, it should be **DISMISSED**.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

---

[2] Payment of the filing fee is not jurisdictional. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Carter is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Carter's factual allegations are straightforward. He alleges that, on April 13, 2019, he was arrested outside his home in Springfield, Georgia. *See* doc. 1 at 5. He alleges that one of the officers gave him conflicting instructions—to both "approach" the officer and "get on the ground." *Id.* While he was in the process of complying with one of the instructions, the officer released his K9. *Id.* While Carter was "incapacitated," he alleges the officer "kicked [him] repeatedly and then used his Taser weapon on [him]." *Id.* A few minutes later, a second officer arrived "and again used his Taser weapon on" Carter. *Id.*

Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally,

4

the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*). The application of Georgia's statute of limitations is complicated by the application of orders from the Georgia Supreme Court tolling statues of limitations for 122 days between March 14, 2020 and July 14, 2020. *See, e.g., Kennedy v. South Univ.*, 2022 WL 628541, at *4-*5 (S.D. Ga. Mar. 3, 2022) (explaining the application of the Georgia Supreme Court's COVID-19 Emergency Order) (Baker, J.).

Carter's allegations implicate his Fourth Amendment right to be free from the use of excessive force in the course of an arrest. *See, e.g., Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). That claim accrued, and the statute of limitations began to run, on April 13, 2019. *See, e.g., Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (excessive force claim accrued when the incident occurred). It ran for 336 days, between April 13, 2019 and March 14, 2020. It was tolled between March 14, 2020, and July 14, 2020. The statute of limitations began to run again on July 15, 2020 and ran out on August 12, 2021. Carter filed

the instant Complaint no earlier than January 18, 2022,[3] more than five months too late.

Despite all of the possibly fatal defects in Carter's prosecution of this case, his regular, if not always timely, responses, *see* docs. 9, 10, 15 & 19, might support a further extension to permit his compliance. However, for the reasons discussed above, any such accommodation would be futile, as any § 1983 claims arising from Carter's 2019 arrest would be untimely. Accordingly, his Complaint should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

[3] Ordinarily, the Court would determine the date Carter filed his Complaint from the date he signed it, pursuant to the "prison mailbox rule." When he filed it, however, the Complaint was unsigned. *See* doc. 1 at 6; *see also* doc. 5 (Clerk's Notice of deficiency). He subsequently provided a signature, dated March 8, 2022. *See* doc. 10. That signature date was after the Clerk received Carter's Complaint. *See* doc. 1 at 1 (stamped "filed" Feb. 17, 2022). Although Carter's failure to sign his pleading impedes the Court's ability to discern precisely when he signature-filed it under the "mailbox rule," he submitted a document signed by an officer of Riverbend Correctional Facility with his Complaint, dated January 18, 2022. *See* doc. 2 at 3. Drawing the most favorable inference for Carter, that date represents the earliest he could have submitted the pleadings to prison authorities for mailing.

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 17th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA